**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHONDA MCCLAREN, : <br> : <br> Plaintiff, : <br> : Civ. Action No.: 14-3213 (FLW) <br> v. : <br> : **OPINION** <br> NJ STATE DEPARTMENT OF : <br> EDUCATION, : <br> ATTORNEY GENERAL OFFICE, : <br> CWA UNION LOCAL 1033, : <br> : <br> Defendants. : | |

**WOLFSON, District Judge:**

Rhonda McClaren ("Plaintiff" or "McClaren"), appearing *pro se*, filed suit against the New Jersey Department of Education ("DOE"), New Jersey Office of the Attorney General ("OAG"), and CWA Union Local 1033 ("Local 1033) (collectively, "Defendants") for employment discrimination pursuant to Title VII. Presently before the Court are Local 1033, DOE, and OAG's respective motions to dismiss the complaint for failure to exhaust administrative remedies and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' motions to dismiss are **GRANTED** in their entirety.

**I.    Background**

The Court will only recount facts from the Complaint and the exhibits attached thereto, and take them as true. McClaren has worked at the DOE for twenty-seven years. (Compl. ¶ 4.) At the time of the filing of the instant action, McClaren was employed as an Education Program Assistant. McClaren alleges that she has faced continuous discrimination at the hands of the DOE since approximately March 2001. (Compl. ¶ 5.) Based on her accusations against the DOE, McClaren

filed a complaint with the New Jersey Division on Civil Rights ("D.C.R") on June 5, 2013. (*See* D.C.R. Verified Compl.) It is apparent from the D.C.R. Complaint that a similar charge was filed with the Equal Employment Opportunity Commission ("EEOC"). (D.C.R. Verified Compl.) The D.C.R. complaint alleges two charges against the DOE: (1) that McClaren was denied a promotional opportunity, and (2) that she was denied a disability accommodation pursuant to the Americans with Disabilities Act. (D.C.R. Verified Compl. ¶ 3.)[1] On February 14, 2014, the EEOC issued McClaren a Right to Sue Notice, indicating that the EEOC investigation could not reach a conclusion that the information provided established a violation of the applicable statutes. (Right to Sue Notice, Feb. 25, 2014.) Neither OAG nor Local 1033[2] were named or mentioned in the EEOC Complaint. Importantly, McClaren did not include any facts that would connect her discrimination allegations to OAG or Local 1033.

Following receipt of the Right to Sue Notice, McClaren filed suit in this Court on May 19, 2014, naming the DOE, OAG and Local 1033 as defendants. McClaren's Complaint consists of a standard form Complaint with the relevant blanks filled in and an attached handwritten note further expanding on the facts underlying her EEOC charge. In her Complaint, McClaren alleges that DOE engaged in discriminatory conduct by failing to promote her. In that connection, McClaren alleges that she has not received a promotion for the last fourteen years, despite the fact that she has passed the Civil Service Examination for the positions of Secretarial Assistant 2 (non steno) and Technical Program Assistant. (*See* Handwritten Note, p.1.) McClaren alleges that DOE's failure to promote her is discriminatory in light of the fact that "White, Spanish, Chinese, Indian,

---

[1] To be clear, Plaintiff does not allege any state law claims against Defendants.

[2] Although McClaren does not allege that she was a member of Local 1033, it is apparent from the record, however, that Local 10333 was McClaren's union.

Asian all seem to be promoted but not Afro-Americans." (Compl. ¶ 10.)  It is important to note that McClaren never identifies her race or ethnic background in the Complaint.

Moreover, McClaren alleges that she has been subjected to a hostile work environment based on her disabilities of anxiety and depression. (Compl. ¶ 9.) Her allegations of hostile work environment begin after she returned from a yearlong mandatory leave in March 2011. (Handwritten Note, 2.) McClaren avers that she was required to take this leave of absence in 2010, following an Independent Medical Examination. (Commissioner of Education Decision, 3).[3]  At the time of filing of the Complaint, Plaintiff had been back to work for approximately three years, but "all [her] duties ha[d] been taken away" and she "just [goes] to work and do[es] nothing all day." (Handwritten Note, 2.) In addition to the yearlong leave of absence, Plaintiff also mentions two separate suspensions from work in May and June 2014 for insubordination. (Final Notice of Minor Disciplinary Action, Apr. 17, 2014.)  However, Plaintiff fails to allege how these suspensions relate to her hostile work environment or discrimination claim.  Rather, Plaintiff alleges that both of these suspensions were the result of two separate incidents in which McClaren was instructed by DOE, but failed, to address her employment concerns through the proper chain of command. (Commissioner of Education Decision, ¶ 1.)

Finally, McClaren alleges that after she complained to DOE regarding her perceived discrimination in the workplace, her bank account and safety deposit box, at both Wells Fargo Bank and TD Bank, were "compromised." (Handwritten Note, 2-4.)  Plaintiff further alleges that her home, mail, and prescriptions have all been compromised. (Handwritten Note, 2-4.) However, she does not indicate when these incidents occurred or any other specific details about the

---

[3]   None of the provided exhibits indicate the reason why McClaren was required to take this mandatory leave of absence.

incidents. Instead, Plaintiffs surmises in a conclusory fashion that this treatment is "because of [her] complaining about the discrimination going on throughout the department." (Handwritten Note, 3.)

Defendants' move separately to dismiss the Complaint.

**II.    Standard of Review**

On a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotes and citation omitted). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard: the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. As the Third Circuit has stated, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... [a] claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 U.S. at 1965); see also *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim.... The pleading standard is not akin to a probability requirement, ... to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)).

In affirming that *Twombly* 's standards apply to all motions to dismiss, the Supreme Court explained several principles. First, "the tenet that a court must accept as true all of the allegations

4

contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1949. Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir.2009). However, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings ... [although a] limited exception exists for documents that are integral to or explicitly relied upon in the complaint." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010) *cert. denied*, 132 S.Ct. 98 (2011) (citation and internal quotation marks omitted).

The Third Circuit has reiterated that "judging the sufficiency of a pleading is a context dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." *Id.* at 98. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." *Id.* (quoting *Iqbal*, 556 U.S. at 684).

**III.    Claims against Local 1033 and OAG**

Defendants Local 1033 and OAG move to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies and failure to state a claim. Both defendants maintain that they are entitled to a dismissal because Plaintiff neither named OAG nor Local 1033 in her EEOC charge, and further, Plaintiff did not plead any facts in the Charge that could be construed as claims against OAG or Local 1033. The Court agrees.

At the outset, I note that nowhere in Plaintiff's Complaint in this case, in her EEOC Charge or any other documents that have been submitted did Plaintiff allege any connection between her

employment-related complaints against her employer, DOE and the other named defendants, OAG or Local 1033. Indeed, from a reading of Plaintiff's Complaint, it does not appear that either OAG or Local 1033 was also an employer for whom Plaintiff worked. Based on that finding, Plaintiff cannot assert her claims against OAG or Local 1033 because Plaintiff's Title VII and ADA claims are all employment-related claims. In that respect, Plaintiff has failed to state a claim against these two defendants. But, even if OAG or Local 1033 can be construed as Plaintiff's employer, Plaintiff's claims against them cannot proceed because she has failed to exhaust her administrative remedies.

Failure to exhaust administrative remedies is a defense that may be raised by a defendant on a Rule 12(b)(6) motion to dismiss. *Angelino v. New York Times, Co.*, 200 F.3d 73, 87-88 (3d Cir. 1999). "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). Title VII provides strict guidelines for bringing an action against an employer for employment discrimination, requiring that claimants first file a timely-action with the Equal Employment Opportunity Commission (EEOC) within 180 days of any alleged discriminatory conduct. 42 U.S.C. 2000e-5(e)(1). It is only after the EEOC charge has been filed, an investigation completed and a "right to sue letter" issued that a claimant is considered to have exhausted his or her administrative remedies. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). This framework was established "to resolve discrimination claims administratively through cooperation and voluntary compliance in an informal, noncoercive manner." *Id.* Accordingly, "the aggrieved party is not permitted to bypass the administrative process" and "the parameters of the civil action in the district court are defined by the scope of the EEOC

investigation which can reasonably be expected to grow out of the charge of discrimination." *Webb v. City of Philadelphia*, 562 F.3d 256, 263 (3d Cir. 2009) (quoting *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3d Cir. 1976)).

It is undisputed that Plaintiff filed an EEOC charge against the DOE on June 6, 2013. The EEOC issued Plaintiff a right to sue notice on February 24, 2014. The right to sue notice was sent to both the Department of Education and the New Jersey Department of Law and Safety, presumably as counsel for the DOE. (Right to Sue Notice, Feb. 24, 2014). The only allegations made in the EEOC Complaint are that Plaintiff was denied a promotion and an accommodation for a disability by the DOE. Neither the OAG nor Local 1033 are named or mentioned in any context in the EEOC Complaint. Thus, on the face of the EEOC charge, Plaintiff has not exhausted her administrative remedies against OAG or Local 1033. Indeed, Title VII actions may only be brought against defendants who have been named in the EEOC charge. 42 U.S.C. 2000e-5(f)(1).

Nevertheless, the Third Circuit has recognized a narrow exception that permits the inclusion of a party not named in the EEOC action where "the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Bd. of Public Educ. of the School Dist. of Pittsburgh, Pa.*, 903 F.2d 243, 252 (3d Cir. 1990) (citing *Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980)). However, here, there is no clear connection between Plaintiff's employer, DOE, and OAG or Local 1033 such that the application of this exception is warranted. In fact, Plaintiff has failed to indicate that her claims against DOE have any connections to OAG or Local 1033. Nothing in the EEOC charge or the pleadings places these two defendants on notice of any wrongdoing.

Therefore, for the above reasons, the claims against Local 1033 and OAG are dismissed.

7

**IV.     Claims against DOE**

The only remaining defendant is the DOE.  Plaintiff's handwritten Complaint is difficult to understand; reviewing the Complaint liberally, the Court construes three separate claims: (1) discrimination under Title VII; (2) discrimination/hostile work environment pursuant to the ADA; and (3) retaliation under the ADA.  I will discuss each claim in turn.

        **1.     Title VII**

To properly state a claim for discrimination under Title VII in a failure to promote context, a plaintiff must sufficiently allege that he or she is "'(1) a member of the protected class, (2) qualified for the position he or she sought; and (3) nonmembers of the protected class were treated more favorably.'" *Williams v. Rohm & Haas Co.*, 90 Fed. Appx. 627, 628 (3d Cir. 2004) (quoting *Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 318-19 (3d Cir. 2000)). If a plaintiff does not demonstrate membership in a protected class "based on race, color, religion, sex, or national origin," his or her Title VII claim must fail. *West v. Prudential Ins. Co. of America*, 462 Fed. Appx. 170, 171-72 (3d Cir. 2011).

Here, Plaintiff has failed to allege the most fundamental element: that she is a member of a protected class for the purposes of Title VII. While she makes several allegations regarding treatment of African American employees, she never identifies her own race or ethnicity. Membership in a protected class is a fundamental aspect of a Title VII claim and in the absence of any pleadings regarding what protected class Plaintiff is a member, the claim fails on this basis.

Even if Plaintiff had alleged her protected class, she has not alleged any facts to show that she was qualified for a promotion. While Plaintiff avers that she passed the Civil Service Examinations for certain positions, that fact does not necessarily mean that she was otherwise qualified.  Indeed, Plaintiff has failed to allege any factual matter surrounding her request for

promotion, such as, what type of jobs she sought; whether there were any employment opportunities for which Plaintiff was qualified; and what qualifications Plaintiff had in connection with those job openings. Furthermore, Plaintiff's allegation that employees of other ethnicities were favored for promotions is a mere conclusion which does not meet the Rule 12(b)(6) standard of plausibility. Accordingly, Plaintiff fails to state a Title VII discrimination claim.

### 2. ADA Discrimination and Hostile Work Environment

To state a claim for discrimination under the ADA, a plaintiff must allege that "(1) [she] is a disabled person within the meaning of the ADA; (2) [she] is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [she] has suffered an otherwise adverse employment decision as a result of discrimination." *Williams v. Philadelphia Housing Authority Police Dep't.*, 380 F.3d 751, 761 (3d Cir. 2004) (internal quotation omitted). Here, Plaintiff has not sufficiently alleged that she is a disabled person for the purposes of the ADA. Indeed, Plaintiff has not alleged any disability in her Complaint. While Plaintiff included a statement in her EEOC Complaint that she suffers from anxiety and depression, she does not provide any further allegations regarding her condition in her EEOC charge. As such, even construing Plaintiff's Complaint liberally, I cannot find that Plaintiff has alleged a disability sufficient to meet the first element under the ADA. As to the second element, Plaintiff has similarly failed to allege any facts that would indicate her ability to perform the essential functions of her position. In fact, there are no allegations of any kind in the Complaint that would satisfy this requirement. Accordingly, Plaintiff has failed to state an ADA discrimination claim.

Likewise, Plaintiff's hostile work environment fails. To state a claim for hostile work environment under the ADA, a plaintiff must allege that:

> (1) she is a qualified individual with a disability under the ADA, (2) she was subject to unwelcome harassment, (3) the harassment was based on her disability or request for an accommodation, (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment, and (5) the employer knew or should have known of the harassment and failed to take prompt, effective remedial action.

*Lowenstein v. Catholic Health East*, 820 F. Supp. 2d 639, 646-47 (E.D. Pa. 2011) (citing *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir.1999)). Here, Plaintiff has not sufficiently alleged any of the elements required to state a hostile work environment claim. While Plaintiff has alleged that DOE has taken away her work duties and that she was disciplined for insubordination, this type of typical workplace activity does not rise to the level of harassment required to demonstrate a hostile work environment without sufficiently alleging any animus against Plaintiff's protected class. *See Peace-Wickham v. Wallis*, 409 Fed. Appx. 512, 520 (3d Cir. 2010). Plaintiff has not done so in this regard. And, more importantly, Plaintiff has not alleged that she has a disability that would entitle her to protection under the ADA. Accordingly, Plaintiff's hostile work environment claim is dismissed.

### 3. Retaliation under the ADA

To state a claim of retaliation under the ADA, "a plaintiff must [allege]: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. American Sterilizer, Co.*, 126 F.3d 494, 500 (3d Cir. 1994). To demonstrate a causal connection, a plaintiff must allege "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

Here, Plaintiff has not alleged facts to meet second and third elements of this claim.  First, Plaintiff alleges that she was retaliated by DOE because she complained to the EEOC regarding her alleged discrimination.  However, Plaintiff has not alleged any adverse action by the employer; rather, Plaintiff rests her retaliation claim on the fact that her safety deposit boxes, home, mail and prescriptions have all been compromised.  But, these activities, even if true, are not taken against her in the employment context.  *See Burlington Industry, Inc. v. Ellerth,* 524 U.S. 742, 761 (1998).  Finally, Plaintiff has also failed to allege a causal connection between the alleged acts and DOE's conduct.  Accordingly, Plaintiff's ADA retaliation claim is dismissed.

Based on the foregoing, Defendants' motions to dismiss are **GRANTED**.

**DATED**:     January 26, 2015                                /s/ Freda L. Wolfson
                                                               Freda L. Wolfson
                                                               United States District Judge